

IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

FREDRICK FEUS, TERRY HARPER, )
DANNY MACMILLAN, and LARRY )
WILSON as trustees of the )
United Association of )
Journeymen & Apprentices of )
the Plumbing & Pipe Fitting )
Industry of the United States )
of Canada, AFL-CIO, Local 188 )
Pension Fund, et al., )
 )
 Plaintiffs, )
 )
v. ) CASE NO. CV410-127
 )
LANIER PLUMBING CO., LLC, )
 )
 Defendant. )

## O R D E R

Before the Court is Plaintiffs Fredrick Feus, Terry Harper, Danny MacMillan, and Larry Wilson's Motion for Summary Judgment. (Doc. 22.) Defendant Lanier Plumbing did not file a response. For the following reasons, Plaintiffs' motion is **DISMISSED**. Plaintiffs may refile the motion within **fourteen days** from the date of this order, with a copy to be served on Defendant, to the attention of Ronnie Lanier at P.O. Box 871, Ellabell, GA 31308. Pursuant to Southern District of Georgia Local Rule 7.5,

Defendant **SHALL HAVE twenty-one days** from the date of service to retain counsel[1] and file any response.

This case stems from a dispute over allegedly unpaid fringe benefits. Plaintiffs are trustees of a local union chapter's Health and Welfare Fund ("Fund") and employee pension benefit plan ("Plan"). (Doc. 22, Attach. 11 at 2.) Defendant employed union members pursuant to a collective-bargaining agreement ("CBA"). (Id.) According to Plaintiffs, Defendant was required to make monthly contributions to the Fund and Plan for covered union members performing work under the CBA. (Id.) In addition, the CBA bound Defendant to the terms of the local union's trust agreements, which allowed the trustees to set rates of interest and liquidated damages for delinquent contributions. (Id. at 3.) Plaintiffs allege that Defendant failed to contribute $7,901.86 to the Fund and Plan. (Id.) As a result, Defendant owes an additional $1,580.37 in liquidated damages, $857.81 in interest, and $6,840.62 in attorney's fees. (Id.)

On May 26, 2010, Plaintiffs filed a complaint in this Court seeking to recover the unpaid funds, interest, liquidated damages, and attorney's fees. (Doc. 1.)

---

[1] As discussed below, corporate parties must appear through retained counsel—they are not permitted to appear pro se.

2

Defendant, through its attorney, first answered the complaint on July 6, 2010 (Doc. 11), filing an amended answer on September 1, 2010 (Doc. 14). On July 19, 2011, Plaintiffs filed their Motion for Summary Judgment. (Doc. 22.) In the motion, Plaintiffs argue that they are entitled to the delinquent contributions, interest, liquidated damages, and attorney's fees under the terms of the CBA and the Employment Retirement Income Security Act, §§ 1132, 1145 ("ERISA"). (Id. at 2-4.) Defendant failed to file a response.

Initially, Defendant was represented by counsel in this case. (Doc. 11.) However, a few days prior to Plaintiffs submitting their July 19, 2011 Motion for Summary Judgment, Defendant's counsel filed a Motion to Withdraw on July 13, 2011. (Doc. 13.) Subsequently, the Magistrate Judge granted counsel's Motion to Withdraw on July 25, 2011. (Doc. 27.) A copy of that order was mailed to Defendant on July 28, 2011. Based on the docket and representations by Defendant's prior counsel, it is unclear whether Defendant received either a copy of the Motion for Summary Judgment or notice that it had been filed.[2] The

---

[2] The Court notes that this was through no fault of Plaintiffs. It was Defendant's prior counsel who may have failed to properly notify Defendant of the pending motion and the need for a response.

3

Court is hesitant to proceed by ruling on an unopposed dispositive motion when it harbors serious reservations whether the nonmoving party received notice of the motion. Therefore, the Court will **DISMISS** Plaintiffs' motion, which they may refile within fourteen days from the date of this order. However, Plaintiffs are **DIRECTED** to serve Defendant to the attention of Ronnie Lanier at P.O. Box 871, Ellabell, GA 31308. Pursuant to Southern District of Georgia Local Rule 7.5, Defendant shall have **twenty-one days** from the date of service to file any response. However, the Court must inform Defendant of the long standing rule for the past two hundred years that a corporation may only appear in court through counsel. Osborn v. Bank of U.S., 22 U.S. 738 (1824); Palazzo v. Gulf Oil Corp., 764 F.2d 1381, 1385 (11th Cir. 1985). This rule applies even if the person seeking to represent the company in court is its president or major stockholder. Id. Therefore, Defendant may not appear pro se, but must retain counsel to represent it before this Court.

SO ORDERED this 20th day of March 2012.

_____
WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

4